UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VISTAJET US INC.,

                                           Case No.

                    Plaintiff,

                                        **COMPLAINT**

     - against -

CHARLES J. FREELS,

                    Defendant.
------------------------------------------------------------X

       Plaintiff VistaJet US Inc. ("VistaJet US"), by and through its attorneys, Clyde & Co US LLP, as and for its Complaint against defendant Charles J. Freels ("Freels"), alleges as follows:

## PRELIMINARY STATEMENT

       1.    This is an action for breach of contract arising out of Freels' breach of an agreement (the "Agreement") between VistaJet US and Freels pursuant to which Freels agreed to purchase two hundred (200) privately-chartered aircraft flight hours per year at a fixed rate and with guaranteed availability for a period of three (3) years. Freels has breached the Agreement by failing and refusing to pay the money that he owes to VistaJet US under the Agreement.

## THE PARTIES

       2.    VistaJet US is a corporation organized and existing under the laws of Delaware with its principal place of business located in New York, New York.

       3.    Upon information and belief, at all times relevant to this action, Freels was and is a citizen and resident of the State of Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. This Court has personal jurisdiction over Freels because in the Agreement he consented to the exclusive jurisdiction of the federal and state courts of the State of New York to determine any disputes arising out of the Agreement, and because the claims in this litigation arise out of his transaction of business in New York in relation to the Agreement.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, in which the Defendant is subject to the Court's personal jurisdiction, and to which the parties to the Agreement waived any venue objection.

## FACTUAL ALLEGATIONS

7. On or about April 18, 2019, VistaJet US and Freels executed the Agreement which required VistaJet US to arrange to provide to Freels 200 flight hours per year on privately-chartered aircraft for a three (3) year term, and required Freels to pay for those 200 flight hours (the "Committed Hours") at the rate of $12,587 per hour in accordance with the payment schedule set forth in the Agreement.

8. The start date for the Agreement was May 1, 2019.

9. The Agreement required Freels to pay for the flight hours on the following schedule:

- $2,517,400 due on or before April 24, 2019 ("First Installment");
- $2,517,400 due by May 1, 2020 ("Second Installment"); and

- $2,517,400 due by May 1, 2021 ("Third Installment").

10. The Agreement provides, in the Payment Section, that "[t]ime for payment is of the essence. Late payments are subject to interest at 1% of the outstanding sum per month from the due date until receipt of payment by VistaJet US."

11. The Agreement, in Further Provisions, Section 5.1, defines an "Event of Default" to include, *inter alia*, the "failure to pay proper amount due when due under this Program."

12. The Agreement, in Further Provisions, Section 5.2, provides that during an Event of Default by Freels, Freels shall not be entitled to use of the Aircraft under the Agreement, and Freels' "Committed Hours shall be reduced, as liquidated damages and not as a penalty, by an amount equal to one twelfth of the then-current Year's Committed Hours for each 30 day period or part thereof that such default persists. Any such reduction in Committed Hours shall be in addition to VistaJet US's right to claim all sums which may be due hereunder and to pursue all other remedies available to it at law or in equity."

13. The Agreement, in Further Provisions, Section 5.4, provides that "[a]ll Installments … payable to VistaJet US by [Freels] under this Program shall become immediately due and payable to VistaJet US by [Freels] in the event that any payment due by [Freels] to VistaJet US under this Program remains wholly or partly outstanding for thirty (30) days or more after the date of invoice or other payment request issued by VistaJet US to [Freels] in relation to such payment."

14. The Agreement, in Further Provisions, Section 5.5, provides that VistaJet US "reserves the right to re-charge [Freels] any costs incurred by VistaJet US in engaging lawyers … instructed by VistaJet US to collect any sums overdue for payment under this Program."

15. Freels wrongfully has repudiated the Agreement, and wrongfully has failed and refused to make any payments to VistaJet US due under the Agreement, despite the demands of VistaJet US that he make such payments.

16. VistaJet US has duly performed its obligations under the Agreement.

### COUNT ONE: BREACH OF CONTRACT – FIRST INSTALLMENT

17. VistaJet US incorporates paragraphs 1-16 above as if set forth fully herein.

18. Freels wrongfully failed and refused to pay, and never paid, the First Installment of $2,517,400 that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payment.

19. Freels' failure to pay the First Installment constituted an Event of Default under the Agreement.

20. Freels' failure and refusal to pay to VistaJet US the money he owes to VistaJet US with respect to the First Installment constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $2,517,400, exclusive of interest, costs and attorneys' fees.

21. Accordingly, as a result of Freels' failure and refusal to pay VistaJet US the First Installment as he was required to do under the Agreement, he owes and is required to pay to VistaJet US the sum of $2,517,400, plus interest, costs and attorneys' fees.

### COUNT TWO: BREACH OF CONTRACT – SECOND INSTALLMENT

22. VistaJet US incorporates paragraphs 1-21 above as if set forth fully herein.

23. Freels failed and refused to pay, and never paid, the Second Installment of $2,517,400 that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payment.

24. Freels' failure to pay the Second Installment constituted an event of Default under the Agreement.

25. Freels' failure and refusal to pay to VistaJet US the money he owes with respect to the Second Installment constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $2,517,400, exclusive of interest, costs and attorneys' fees.

26. Accordingly, as a result of Freels' failure and refusal to pay VistaJet US the Second Installment as he was required to do under the Agreement, he owes and is required to pay to VistaJet US the sum of $2,517,400, plus interest, costs and attorneys' fees.

### COUNT THREE:  BREACH OF CONTRACT – ACCELERATION OF PAYMENTS

27. VistaJet US incorporates paragraphs 1-26 above as if set forth fully herein.

28. The First and Second Installments due and owing to VistaJet US under the Agreement have remained wholly unpaid and outstanding for more than thirty days after the payment requests issued by VistaJet US in relation to such payments.

29. As a result of Freels' repudiation of the Agreement, and his failure and refusal to timely pay the First and Second Installments to VistaJet US despite the demands of VistaJet US that he make such payments, and pursuant to the Agreement's Further Provisions, Section 5.4, all of the money that Freels was required to pay under the Agreement for the First, Second and Third Installments, totaling $7,552,200, became immediately due and payable by Freels to VistaJet US.

30. Freels has failed and refused to pay to VistaJet US the First, Second, and Third Installments that he owes to VistaJet US under the Agreement, totaling $7,552,200, despite the demands of VistaJet US for such payments.

31. Freels' repudiation of the Agreement, and his failure and refusal to pay to VistaJet US the money he owes in relation to the First, Second, and Third Installments constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $7,552,200, exclusive of interest, costs and attorneys' fees.

32. Accordingly, as a result of Freels' repudiation of the Agreement, and his failure and refusal to pay VistaJet US the money he owes to it under the Agreement, VistaJet US is entitled to damages from Freels of $7,552,200, plus interest, costs and attorneys' fees in accordance with the terms of the Agreement.

WHEREFORE, VistaJet US demands judgment against Freels awarding it the total sum of $7,552,200, together with interest, attorneys' fees, and costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:  July 17, 2020

Respectfully submitted,

By_____
Christopher Carlsen
Nicholas Magali

CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3930

Attorneys for Plaintiff
VistaJet US Inc.

To:   Charles J. Freels
      10086 Woolwine Highway
      Woolwine, VA 24185-3503

7